UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAUNETTE BROOKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00323-TWP-DML |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Motion for Relief Pursuant to 28 U.S.C. § 2255
And Denying a Certificate of Appealability**

Petitioner Shaunette Brooks filed this action titled "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentnce by a Person in Federal Custody." A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Brooks, who is currently confined at the Carswell Federal Medical Center in Fort Worth, Texas, asserts that she has not received adequate care for her serious medical conditions. She asserts that her counsel was ineffective for failing to request that the Court consider home confinement as part of her sentence because of her serious health problems. As relief, she asks for an order directing that the balance of her sentence be served on home confinement.

The motion for relief pursuant to 28 U.S.C. § 2255 is subject to the screening directed by Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court*. Rule 4 provides that the judge must examine a § 2255 motion promptly and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rules Governing Section 2255 Proceedings 4(b).

Based on this screening, the Motion must be **dismissed**. Section 2255 permits a petitioner to challenge a sentence on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Brooks's claims, even based on her assertion that her counsel was ineffective under the Sixth Amendment, do not state a claim for relief under § 2255 for two reasons.

First, while § 2255 allows a challenge to a sentence, a judicial recommendation as to the place of confinement, which Brooks claims her counsel should have requested, is technically not a part of the sentence imposed. *See Fajri v. USP Leavenworth,* No. 04–3311–RDR, 2005 WL 2035047, at *1 (D. Kan. Aug. 23, 2005) (citing *Prows v. Fed. Bureau of Prisons,* 981 F.2d 466, 468–69 n.3 (10th Cir. 1992)). In addition, the Bureau of Prisons ("BOP") designates the place of a defendant's imprisonment. *See* 18 U.S.C. § 3621(b). The Court's recommendation has no binding effect on BOP authority to determine or change the place of a defendant's imprisonment. *See id.; Olim v. Wakinekona,* 461 U.S. 238, 245 (1983) (prisoner has no constitutional right to be incarcerated in particular facility); *United States v. Wilson*, 503 U.S. 329, 335 (1992) (stating that "[a]fter a district court sentences a federal offender, the Attorney General, through [the BOP], has the responsibility for administering the sentence"); *cf. United States v. DeLario,* 120 F.3d 580, 582–83 (5th Cir. 1997) (no cognizable Section 2255 claim based on policy change that lengthens time before petitioner is eligible for parole because change affects way sentence is carried out, not legality of sentence itself). Because a judicial recommendation regarding a person's placement is not binding, Brooks cannot show that her counsel was ineffective for

failing to request it. Moreover, for the same reason, this Court cannot grant Brooks the relief she seeks – an order directing that she be placed on home confinement.

For the reasons explained in this Entry, Brooks has failed to show that she is entitled to the relief she seeks and thus her motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.**[1] Judgment consistent with this Entry shall now issue.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Brooks has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/8/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SHAUNETTE BROOKS
12467-028
CARSWELL - FMC
CARSWELL FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 27137
FORT WORTH, TX 76127

---

[1] The Court joins Brooks in her concerns, it is not acceptable if she is not receiving adequate treatment for her documented medical problems. The Court notes, without deciding, that Brooks may be able to seek relief through other means – such as through a request to the BOP for compassionate release, 18 U.S.C. §3582, or through an action under the Administrative Procedures Act in the appropriate court.